IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIAM CLEVELAND                                                                                    PLAINTIFF

V.                                                  4:23CV001066 JM

FIRST US CLINIC P.A.;
OLABODE OLUMOFIN                                                                                    DEFENDANTS

## ORDER

Pending is Plaintiffs' Motions for Attorney Fees and Costs (Doc. No. 15). For the reasons set out below, the Motion is GRANTED for a total of $2,021.57 in fees and costs.

To calculate attorney fees in an FLSA case the Court is required to first calculate the lodestar. *Vines v. Welspun Pipes Inc.,* 9 F.4th 849, 856 (8th Cir. 2021). The lodestar method is the "most useful starting point for determining the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). It requires the court to consider "the number of hours Reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* Then the court should "adjust the fee upward or downward on the basis of the results obtained." *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551(2010) (emphasis in original). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (internal quotations omitted).

"An attorney fees award under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales,* 2013 WL

1

1704722, at *7 (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 (1989)). Hours that were not "reasonably expended" must be excluded. *Hensley*, 461 U.S. at 434. "Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.*

### A. Requested Hourly Rates

Plaintiff requests an hourly billing rate of $250 for Chris Burks and $125 for paralegal work. (ECF No. 15-2 at ¶ 20). Plaintiff's billing records show that Mr. Burks billed at the rate of $250 through February 1, 2024 and $300 for hours billed afterward. Mr. Burks does not provide the Court with an explanation of the differences in his hourly rate. Based upon Mr. Burks' education and experience in the area, the Court finds his hourly rate of $250 to be reasonable. Further, the paralegal hourly rate of $125 is also reasonable.

### B. Hours Expended

Mr. Burks billed 1.9 hours in this case. There are 5.5 hours billed for Sara Cowie at the rate of $100 per hour and another .8 hours billed for "NS" at the rate of $125 per hour.[1] These hours are not excessive or duplicative. The 8.2 total hours expended by counsel and the paralegals is 8 is appropriate.

### C. Costs

Plaintiff's invoice for costs is inconsistent with the $759.07 requested in the

---

[1] Plaintiff does not name the paralegals who worked on the case. The Court will assume that both NS and Sara Cowie are paralegals. The differences in their hourly rates are not explained so the Court will use the rates for NS and Ms. Cowie as listed in the billing records. Plaintiff's counsel is encouraged to provide more information in future motions.

motion. The Court finds Plaintiff's expenses, based upon the invoices submitted (ECF No. 16), to be $746.07. The Court has carefully reviewed the cost and expenses and finds the expenses appropriate this case.

## CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs (Doc. No. 15) is GRANTED part and DENIED in part. Plaintiff is entitled to $1,125 in fees and $746.07 in costs from Defendants, for a total of $1,871.07.

IT IS SO ORDERED this 30th day of April, 2025.

_____
UNITED STATES DISTRICT JUDGE